IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2218-FL

| | |
|---|---|
| DERRICK Q. MCFADDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA; MIKE ) | |
| BALL; AND DIRECTOR ROBERT C. ) | |
| LEWIS, ) | |
| ) | |
| Respondents. ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE # 20) pursuant to Federal Rule of Civil Procedure 56 of respondents Superintendent Mike Ball and North Carolina Department of Public Safety Director Robert C. Lewis (collectively referred to as "respondents"). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On May 25, 2006, petitioner pleaded guilty, in the Wake County Superior Court, to second-degree murder and possession with the intent to sell or deliver cocaine.[1] Resp.'t's Mem. Ex. 1. Petitioner was sentenced to a term of two hundred twenty (220) to two hundred seventy-three (273) months imprisonment. Id. Petitioner did not file a direct appeal.

---

[1] The court notes that petitioner's conviction for possession with intent to sell or deliver cocaine does not appear on his judgment and commitment form.

On January 2, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court. Id. Ex. 2. On July 2, 2009, the superior court judge granted in part and denied in part petitioner's MAR. Id. Ex. 3. The superior court granted petitioner's MAR to correct an error in the calculation of petitioner's prior record level for sentencing purposes, but denied the remainder of his motion. Id. On September 18, 2009, the sentencing court judge re-sentenced petitioner to a one hundred eighty-nine (189) to two hundred thirty six (236) month term of imprisonment. Id. Ex. 4.

On September 23, 2009, petitioner filed a pleading captioned "notice of appeal" in the Wake County Superior Court. Id. Ex. 5. On November 19, 2009, the superior court dismissed petitioner's appeal without prejudice, and stated the following: "There being no right of appeal from an order denying a Motion for Appropriate Relief, the Defendant's notice of appeal dated September 23, 2009 is dismissed. This dismissal is without prejudice for Defendant to petition the North Carolina Court of Appeals for certiorari to review this matter." Id. Ex. 6. On October 31, 2011, petitioner filed a *pro se* petition for writ of habeas corpus in the Wake County Superior Court. Id. Ex. 7. On November 8, 2011, the superior court dismissed without prejudice petitioner's petition. Id. Ex. 8.

On November 9, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) that he received ineffective assistance of counsel; (2) that his guilty plea was involuntary and unintelligent; and (3) that he was denied the right to file a petition for a writ of certiorari. On July 23, 2012, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. The matter was fully briefed.

**DISCUSSION**

A.   Motion for Summary Judgment

    1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.   Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner was re-sentenced by the superior court on September 18, 2009, and had fourteen (14) days thereafter to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on October 1, 2009. As a result, petitioner's one-year statutory period began to run on October 1, 2009, and ran for three hundred sixty-five (365) days until it expired on October 1, 2010.

The running of the period of limitation under § 2244(d)(1) may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

Petitioner's September 23, 2009, notice of appeal in the superior court, however, did not operate to toll the statute of limitations because it was not a properly filed application for post-conviction relief under 28 U.S.C. 2244(d)(2). As explained to petitioner by the superior court, there is no right of appeal from the denial of an MAR. See N.C. Gen. Stat. §§ 15A-1422(c)(3) and 7A-31; Resp.'t's Mem. Ex. 6. Rather, in North Carolina, a non-capital inmate may seek review of an MAR by filing a petition for a writ of certiorari to the North Carolina Court of Appeals. See N.C. Gen. Stat. § 15A-1422(c)(3); N.C.R. App. P. 21(e). Petitioner has not filed such a petition.[2]

Although North Carolina law does not specify a specific time period for filing a certiorari petition in the court of appeals, it must be filed "without unreasonable delay." N.C. R. App. P.

---

[2] The court notes that petitioner's October 31, 2011, state petition for a writ of habeas corpus also did not operate to toll the statute of limitations because tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006).

21(e). The United States Supreme Court held in Evans v. Chavis, 546 U.S. 189 (2006), that each circuit must determine for itself what constitutes an unreasonable delay. The Court stated that most States under similar circumstances allow thirty (30) to sixty (60) days for filing an appeal, and stated that it did not see how a six-month delay in filing an appeal "could fall within the scope of the federal statutory word 'pending.' " Id. at 854.

In this case, petitioner filed his habeas petition more than two years after the date the Wake County Superior Court denied (in part) his MAR on July 2, 2009. Petitioner did not file a certiorari petition to the North Carolina Court of Appeals within this time period. Nor has he provided any explanation for his failure to do so. This period of time is well beyond the "reasonable" period of time contemplated by the Court in Evans. Therefore, this court finds that the time period for filing such a motion has expired, and petitioner's action is time-barred. See Evans, 546 U.S. at 200-201; McConnell v. Beck, 427 F. Supp.2d 578, 582 (M.D.N.C. 2006); see Corbett v. McDade, 42 F. App'x 562 (4th Cir. Jul. 25, 2002) (upholding the dismissal of two of petitioner's claims on statute of limitations grounds, notwithstanding the fact that he had not filed a certiorari petition seeking review of the denial of his MAR); Bartlett v. Keller, No. 1:10CV437, 2011 WL 1258113, at *3 (M.D.N.C. Mar. 31, 2011), appeal dismissed, 463 F. App'x 190 (4th Cir. 2012).

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to

5

relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because he did not have access to a law library, because he did not have legal experience, and because North Carolina Prisoner Legal Services ("NCPLS") has not provided him any assistance. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for NCPLS). Based upon the foregoing, the court finds that petitioner is not entitled to equitable tolling on these grounds.

Petitioner also asserts that he was denied the right to file a petition for a writ of certiorari. The record reflects that the superior court instructed petitioner as to the correct court in which to file his petition for a writ of certiorari, but petitioner did not follow the superior court's instructions. Nor did petitioner provide an explanation for his failure to do so. Petitioner, additionally, has not explained who prevented him from filing his petition for a writ of certiorari or how he was prevented

6

from filing such a petition. Thus, petitioner is not entitled to equitable tolling on this ground. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

7

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 20) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 24th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge